In Equity.

MARGARET J. ARMSTRONG

*vs.*

MARTIN J. A. MUNSTER et als.

Somerset. Opinion August 8, 1907.

*Reference. Equity. Appeal.*

Where a bill in equity is referred by rule of court, without conditions or limitations, and the referee, having heard the parties, reports the facts found by him, and his conclusions thereon to the court, and his report is accepted, an appeal from a final decree, made in accordance with the terms of the report, cannot be sustained.

*Savings Bank* v. *Herrick,* 100 Maine, 494, affirmed.

In equity. On appeal by defendants. Appeal dismissed. Decree below affirmed.

Bill in equity brought to obtain relief from a mutual mistake

made in the discharge of a mortgage on real estate.   After the pleadings were made up, the cause was referred under rule of court with the stipulation that judgment on the report of the referee should be final and conclusive.   After hearing, the referee duly filed his report, to which no objections were filed, and the same was accepted and a final decree in accordance with the report was made and entered by a single Justice.   From this decree the defendants took an appeal to the Law Court.

The case appears in the opinion.

*Merrill & Merrill*, for plaintiff.

*J. B. & F. L. Peaks and Walton & Walton*, for defendants.

SITTING :   EMERY, C. J., STROUT, PEABODY, CORNISH, KING, JJ.

CORNISH, J.   This bill in equity was brought to obtain relief from a mutual mistake made in the discharge of a mortgage upon real estate.   The defendants, in their answers, admitted the mistake but set up certain allegations of fraud and false representations on the part of the plaintiff in connection with the original sale out of which the mortgage arose.

There were controverted questions both of law and fact and after the pleadings were made up, the cause was referred under rule of court with the stipulation that judgment on the report of the referee should be final and conclusive.

The referee, after a full hearing, filed his report in court, sustaining the bill and prescribing the form of decree that should be entered, which was in effect his finding upon the law and facts of the case.   No objections to the report were filed by the defendants, as required by Court Rule XXI, and it was duly accepted.   A final decree, in strict accordance with the report, was subsequently made and entered by a single Justice and from that decree an appeal was seasonably taken by the defendants to this court.

The appeal cannot be sustained.   The opinion of this court in the very recent case of *Savings Bank* v. *Herrick*, 100 Maine, 494, is decisive of the case at bar.   The language of that opinion applies here with equal force.   "The cause was referred without any con-

ditions or limitations as to the powers of the referee.  And in such case it is well settled that the referee has full power to decide all questions arising, both of law and of fact, and in the absence of fraud, prejudice or mistake on the part of the referee, objections for which should be made when the report is offered for acceptance, his decision is final.  *Sweetsir* v. *Kenney*, 32 Maine, 464; *Hall* v. *Decker*, 51 Maine, 31; *Long* v. *Rhodes*, 36 Maine, 108; *Hatch* v. *Hatch*, 57 Maine, 283.  By agreement the parties submitted the cause to a tribunal of their own choosing.  To that tribunal were transferred all the powers of the court.  Having chosen to go to that tribunal, the parties cannot now be heard upon the merits by the court.  .  .  .  .  The result is that the appeal from a decree made in accordance with the report of the referee is not sustainable."

The decree here was in exact accordance with the report of the referee and the same result must follow.

*Appeal dismissed.*

*Decree below affirmed with additional costs.*